IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM F.,[1] )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of )<br>Social Security,[2] )<br>)<br>Defendant. )<br>) | No. 18 C 3911<br><br>Magistrate Judge<br>Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Adam F.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 27] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.
[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On August 12, 2014, Plaintiff filed a claim for DIB, alleging disability since October 18, 2013 due to arthritis, anxiety, depression, and bipolar disorder. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 29, 2016. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Medical expert Larry Kravitz and vocational expert Brian Harmon also testified.

On April 4, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 18, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder, depression, anxiety, post-traumatic stress disorder ("PTSD"), right thigh

numbness, leg length discrepancy, history of alcohol and cocaine abuse in sustained remission, degenerative disc disease of the lumbar spine, right rotator cuff tear with tendonitis, and right elbow tear with tendonitis. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform light work except lifting/carrying a maximum of 10 pounds with the right (dominant) upper extremity, and with the following additional limitations:

> He can occasionally stoop, kneel, crouch, crawl, balance, and climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. He can frequently reach in all directions with the right (dominant) upper extremity. The claimant can remember, carry out, and perform simple, routine, repetitive tasks with sufficient concentration, persistence or pace to appropriately and timely complete such tasks. He can have brief, superficial contact with coworkers, supervisors, and the general public. The claimant can adapt to occasional, routine workplace changes. He cannot perform work with fast-paced production rate pace or strict quota requirements.

(R. 20.)

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a bricklayer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

3

## DISCUSSION

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex*

5

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's failure to identify specific evidence supporting his physical RFC determination; (2) the ALJ's failure to incorporate in his mental RFC determination and hypotheticals to the VE all functional limitations the ALJ found and all limitations opined by the State agency physicians; (3) the ALJ's failure to assign controlling or great weight to the opinion of Plaintiff's treating psychiatrist; and (4) the ALJ's failure to properly evaluate Plaintiff's subjective symptom statements. The Court agrees with Plaintiff that in formulating the mental RFC assessment and posing hypotheticals to the VE, the ALJ erred in failing to explicitly incorporate a moderate limitation with regard to concentration, persistence or pace.

6

*See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (explaining that "terms like 'simple repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace").

The ALJ found that Plaintiff had the severe mental impairments of bipolar disorder, PTSD, depression, and anxiety, and that these impairments caused Plaintiff to be moderately limited in the area of concentration, persistence, and pace. The state agency physicians similarly found that Plaintiff had moderate limitations in multiple functional abilities related to concentration, persistence, and pace. In the RFC assessment, the ALJ included that Plaintiff "can remember, carry out, and perform simple, routine, repetitive tasks with sufficient concentration, persistence, or pace to appropriately and timely complete such tasks" and "cannot perform work with fast-paced production rate pace or strict quota requirements." (R. 20.) The ALJ used very similar language in the hypotheticals posed to the VE, and no other limitations or hypotheticals reflected an accommodation for Plaintiff's deficits in concentration, persistence, and pace.

The Seventh Circuit has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("This failure to build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental

7

RFC requires us to remand for further proceedings"); *see also Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (quoting *O'Connor-Spinner*, 627 F.3d at 619) ("Our cases require that an ALJ 'orient the [VE] to the totality of a claimant's limitations,' including 'deficiencies of concentration, persistence and pace'"); *Radosevich v. Berryhill*, 759 F. App'x 492, 494-95 (7th Cir. 2019) (unpublished) ("[A]lthough [the plaintiff] may have the mental capacity to complete a single, simple task, the hypothetical did not capture the limitation in her ability to execute that simple task over an extended time.").

Here, the ALJ failed to sufficiently incorporate in the RFC and hypotheticals Plaintiff's moderate limitations in the area of concentration, persistence or pace. *See Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) ("Though particular words need not be incanted, we cannot look at the *absence* of the phrase 'moderate difficulties with concentration, persistence, and pace' and feel confident this limitation was properly incorporated in the RFC and in the hypothetical question."). First, as to the limitations related to "fast-paced" work and "strict quota requirements," the Seventh Circuit has "previously rejected similar formulations of a claimant's limitations because there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace." *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) (citations omitted).

Next, the inclusion of language only that Plaintiff "can remember, carry out, and perform simple, routine, repetitive tasks" with sufficient concentration,

8

persistence or pace to appropriately complete them is akin to including only the limitation related to simple, routine, repetitive tasks. *See Moreno*, 882 F.3d at 730 (finding that a limitation to work that involves simple tasks does not sufficiently account for moderate limitations in concentration, persistence or pace). The Commissioner argues that the ALJ adequately addressed evidence of concentration limitations and properly relied upon the "bottom-line opinions" of the ME and state agency physicians "to conclude that a limitation to simple work sufficed to accommodate [Plaintiff's] concentration problems." (Doc. No. 28 at 17.) However, the ALJ did not sufficiently explain why he omitted further restrictions and stated only that the state agency physicians' findings "support limiting the claimant to simple, routine, and repetitive tasks . . . and no fast-paced production rate pace or strict quota requirements." (R. 22.)

The Commissioner's reliance on *Capman v. Colvin*, 617 F. App'x 575 (7th Cir. 2015), is misplaced. In that case, the court accepted the ALJ's RFC assessment restricting the plaintiff to simple, routine tasks and limited interaction with others as sufficiently incorporating his concentration, persistence and pace limitations because "[b]oth the medical evidence and . . . testimony support the finding that any limitations in concentration, persistence, and pace stem from [the plaintiff's] anxiety attacks, which occur when he is around other people." *Id.* at 579. There is no similar evidence here, and Plaintiff's problems with concentration, persistence and pace appear to be present regardless of the type of task he is working on or other limitation that could otherwise properly incorporate the concentration

9

limitations. Thus, the ALJ erred in the hypotheticals to the VE and RFC assessment.

The ALJ's failure to include all of Plaintiff's limitations in the RFC and hypothetical questions was not harmless error. For example, the VE testified that if the hypothetical individual were off-task more than fifteen percent of the workday, there would be no work available. On remand, the ALJ must more fully discuss Plaintiff's deficits in concentration, persistence, and pace, and if he does not include further limitations in the RFC assessment or the hypotheticals, he must fully explain why no further limitations were appropriate.[3]

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court advises the Commissioner that, on remand, special care should be taken to ensure that the ALJ remedies any possible errors in the ALJ's decision.

---

[3] It is not necessary for the Court to determine whether the ALJ's failure to include in the RFC and hypotheticals a limitation to work involving one-to-three steps was error, but the ALJ should clarify this finding on remand to the extent necessary.

10

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 27] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                 **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **December 8, 2020**          _____
                                                               **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**